**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Randy Shepherd, et al.,** | ) | **CASE NO. 1:11 CV 127** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **J. Steve Sheldon, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants City of Shelby, Teena Barber and Alyce Cline's Motion for Judgment on the pleadings (Doc. 42).  This case alleges constitutional wrongdoing.  For the reasons that follow, the motion is GRANTED.

**FACTS**

Only those facts necessary for a resolution of the pending motion are set forth herein.

Plaintiffs, Randy Shepherd (hereinafter "Shepherd") and Cynthia Shepherd, bring this action against defendants,  J. Steve Sheldon and Eric Bosko of the Richland County Sheriff's Department; the City of Mansfield; Magistrate Judge Gary Dalbey; James Mayer, Jr.,

1

Christopher Tunnell, Gary Bishop, Brent Robinson, and Andrew Kvochich of the Richland

County Prosecutor's Office; Alyce Cline, the Clerk of Court for Shelby Municipal Court; Teena

Barber, the Deputy Clerk of Court for the Shelby Municipal Court; the Department of Veteran's

Affairs and Julie Berg and Lisa Salzer of the Department of Veteran's Affairs (the "federal

defendants"); the Richland County Sheriff's Department; the City of Shelby; and the Richland

County Prosecutor's Office.[1]

Plaintiffs generally allege that defendants conspired with others to violate their civil

rights.

In 2004, Shepherd became involved in litigation with the Richland County Child Support

Enforcement Agency concerning various child support and custody matters.  Shepherd

represented himself in the litigation, and alleges that "he became involved in various legal battles

with the Courts, the Court Clerks, the Richland County, Ohio CSEA, the Richland County, Ohio

Prosecutor's Office, and other factions of the Federal, State, County and Municipal

Governments."  (Cmplt. p. 7.)  Shepherd became frustrated with his inability to resolve the

various issues in his case, and sought professional psychological assistance from a mental health

professional at the United States Department of Veterans Affairs (VA).  Plaintiffs allege that

defendants Berg and Salzer, agents for the VA, "unlawfully, maliciously and in dereliction of

their duties as medical personnel, criminally and/or intentionally disclosed confidential

information relevant to Plaintiff #1, Randy Shepherd, without his consent or agreement."  (Id. at

pp. 8, 39, 40.)

---

[1]     Plaintiffs also sued the Honorables James DeWeese and James
        Henson.  The Court previously dismissed these defendants.

2

While not perfectly clear, plaintiffs' complaint appears to allege that defendants Berg and/or Salzer contacted DeWeese and told DeWeese that while under the care of VA medical personnel, Shepherd made threats against DeWeese and other Richland County Court of Common Pleas judges.  (Id. at ¶¶ 4-8.)  According to plaintiff, the communications were made during the course of the physician/patient privilege.  Plaintiffs allege that these accusations were false and that DeWeese knew or should have known that the accusations were false, but that DeWeese "unlawfully caused this information to be disseminated to other Defendants, such as Richland County, Ohio Probation Officer, Dan Myers, the Mansfield Police Department and ultimately to Defendant Eric Bosco of the Richland County, Ohio Sheriff's Office." (Id. at ¶ 4.)

Plaintiffs further allege that as a result of the dissemination of this information, defendant Henson signed "an illegal search warrant . . . for Plaintiffs' home to search for weapons and evidence of a plot against Defendant James Henson himself, and other members of the Judiciary. . . ." (Id. at ¶ 10.)  Plaintiffs allege that the search warrant was not supported by probable cause, and that the felony charge of "weapons under disability" upon which the search warrant was issued was based upon false information that Shepherd had been involuntarily committed to the VA facility.  (Id. at ¶ 9.)  According to Shepherd, he "voluntarily departed, by his own accord, the VA facility approximately ten (10) hours after the statements made by Randy because competent medical personnel at the VA deemed any statements made by Randy Shepherd harmless." (Id. at ¶ 7.)  Plaintiffs allege that defendant Bosko of the Richland County Sheriff's office provided a false affidavit in support of the search warrant.  (Id. at ¶ 30.)

After the search warrant was executed on January 20, 2009, "numerous weapons and other lawful chattels belonging to the Plaintiffs" were seized, and Shepherd was arrested and

3

charged with possession of marijuana and having a weapon under a disability.  (Id at pp. 8-9 and ¶ 9.)  Plaintiffs allege that defendant Dalbey unlawfully set a cash bond of $75,000 and "acted outside the scope of his authority." (Id. at ¶ 15).  According to plaintiffs, defendant Bishop, an assistant prosecutor, requested a competency hearing even though Shepherd protested the hearing, and evidence indicated Shepherd was competent. (Id. at ¶ 22).  Plaintiff claims that "defendant Bishop...falsely misrepresented facts to the Court that indicated that Shepherd had been determined to be 'homicidal', and that Shepherd had a history of mental illness and disease. No such evidence to support this claim existed at that time, or at any time.  It was a fabrication." (Id.)  Plaintiffs further allege that the competency hearing was not done within the time prescribed by law.  (Id. at ¶ 23.)  According to the complaint, Shepherd "submitted relevant information to defendants Gary Bishop and Christopher Tunnell...conclusively revealing that Shepherd was competent, had never been deemed incompetent, was never under a weapon's 'disability' and was lucid."  (Id. at ¶ 27).  Despite this knowledge, defendants "still vigorously pursued false and malicious charges against Shepherd."  (Id.)

Plaintiffs further allege that defendant Cline, the Clerk of the Shelby Municipal Court "improperly caused the case of Plaintiff #1, Randy Shepherd, to be transferred to the Richland County Court of Common Pleas as a 'bind over.'" (Compl. ¶ 24).  Thereafter, defendant Barber, also alleged to be the Clerk of the Shelby Municipal Court, entered a false bind over entry, which falsely stated that Shepherd plead guilty.  (Id.)

Plaintiffs allege that Shepherd was "incarcerated and held without reasonable bond or bail, was refused a preliminary hearing, and detained without due process of law, until February 18, 2009 when all felony charges against the Plaintiff #1, Randy Shepherd [were dismissed]."

4

(Id. at p. 9.)   Plaintiffs also allege that, although the felony charges against Shepherd were dismissed on February 18, 2009, the misdemeanor charges "languished in the Municipal Court of Shelby, Ohio" for another year until those charges were also dismissed.  (Id.)

Even after the weapons with disability charge was dismissed, defendants refused to return the weapons they seized during the search of plaintiff's home. (Id. at ¶ 36).

The complaint contains nine claims for relief.  Count one is a RICO claim.  Count two is a conspiracy claim.  Count three is a wrongful arrest claim in violation of 42 U.S.C. § 1983. Count four is a municipal liability claim.  Count five is a First Amendment claim.  Count six is a Second Amendment claim.  Count seven is a Fourteenth Amendment claim.  Count eight is a *Bivens* claim.  Count nine is a *Pottawattamie County v. McGhee* claim.

Defendants City of Shelby, Teena Barber, and Alyce Cline move for judgment on the pleadings.  Plaintiffs oppose the motion.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Where a motion for judgment on the pleadings is based on the argument that the complaint fails to state claim upon which relief may be granted, it is judged under the same standard of review as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff."  *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445, at *1 (6th Cir. July 2, 2009) (citing

5

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256, at *3 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir. 1997)).  "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915, at *3 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**ANALYSIS**

As an initial matter, although the motion for judgment on the pleadings contains a thorough analysis of each cause of action, the brief in opposition often simply refers the Court to previous briefings or generally refers to the "complaint."  Regardless, this Court will endeavor to review the complaint independently in analyzing the moving defendants' arguments.

1.      Count One

This Court previously concluded that the complaint fails to state a RICO claim because plaintiffs fail to allege the existence of an enterprise and further fail to allege a pattern of racketeering.  (See, Mem. of Op. and Order issued contemporaneously herewith).  For these same reasons, the RICO fails as to the moving defendants.

2.      Count two

6

This Court has twice now concluded that the complaint fails to state a claim for conspiracy in violation of 42 U.S.C. § 1985, as plaintiffs fail to allege that any such conspiracy was motivated by racial or other class based animus.  For this same reason, count two fails as to the moving defendants.

      3.        Count three

In count three, plaintiffs assert a claim for unlawful arrest.  There are no allegations, however, suggesting that the moving defendants participated in the arrest or seizure at issue.  Rather, plaintiffs allege only that defendants Cline and Barber improperly bound this matter over from municipal court to common pleas court.  Plaintiffs' brief offers no argument as to how the moving defendants violated plaintiffs' Fourth Amendment rights.  Accordingly, this claim is dismissed.

      4.        Count four

In count four, plaintiffs state a claim for "municipal liability."  As set forth in pervious opinions issued in this case, municipal liability may only be imposed if the plaintiffs are able to show that a municipal custom or practice exists, which caused the injury complained of.  Here, plaintiffs allege as follows,

    121.    The violation of Plaintiffs' constitutional and civil rights as described herein was the direct result of the Defendant City's, County's, and/or State's custom(s), practice(s) and/or policy(ies) in that their officer(s), agent9s) [sic], and employee(s) were inadequately trained and/or supervised and have been directed pursuant to the persistent action, practice, and/or policies written and/or defacto of the City, County, State that the officers and employees would be immune from discipline, reprimand, and/or prosecution for violating the constitutional and/or civil rights of the Citizens of Ohio.

    122.    Because of its policies, procedures, patterns, practices, and/or customs including but not limited to training, supervision, investigation and discipline of their officers and employees, the City, County and/or State is liable to Plaintiffs

pursuant to 42 U.S.C. § 1983, et seq.

This Court previously concluded that, by failing to identify a particular custom and practice and tie it to a particular defendant, plaintiffs have not satisfied the pleading standards set forth by the Supreme Court in *Twombly* and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009).  For this same reason, the "municipal liability" claim fails as to defendant City of Shelby.

5.      Counts five and six

In counts five and six, plaintiffs assert claims for violation of the First and Second Amendments, respectively.  There are simply no allegations that defendants Barber, Cline, or the City of Shelby violated plaintiffs' constitutional rights in this regard.  Again, the only allegations directed at these defendants consist of the improper bind over of this matter from municipal court to common pleas court.  Plaintiffs offer no argument as to how this alleged wrongdoing would violate the First or Second Amendments.  Accordingly, these claims are dismissed as to the moving defendants.

6.      Count seven

Although not expressly alleged or argued by plaintiffs, it appears that the alleged wrongdoing might best be analyzed as a due process violation.  Plaintiffs allege that defendants Barber and Cline improperly bound over Shepherd's case from municipal court to common pleas court.  According to the complaint, defendant Barber entered a "false" entry indicating that Shepherd entered a guilty plea when, in fact, no such thing occurred.

To the extent these actions could even be considered to violate due process, defendants Barber and Cline argue that they are entitled to quasi-judicial immunity.  In the alternative, defendants argue that they are entitled to qualified immunity.  In response, plaintiffs fail to

8

address the quasi-judicial immunity defense and, instead, respond only to the qualified immunity argument.

Upon review, the Court finds that, to the extent a constitutional violation is alleged, quasi-judicial immunity applies.  It is well-settled that court employees carrying out judicial acts are entitled to judicial immunity.  *See, e.g., Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). Plaintiffs do not dispute that the act of binding over a case from municipal court to common pleas court is a judicial act.    In fact, plaintiffs do not dispute the application of quasi-judicial immunity.[2]  Accordingly, for these reasons, the Court finds that defendants Barber and Cline are entitled to quasi-judicial immunity for any wrongdoing resulting from the bind-over entry.  As such, the Court need not address qualified immunity.

7.        Count eight

Plaintiffs purport to allege a clam against defendants pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Bivens* affords a plaintiff with the right to pursue alleged constitutional violations against federal officials.  It is undisputed that none of the moving defendants are federal actors.  Plaintiffs claim that, to the extent a conspiracy is alleged against federal actors and the moving defendants, then the moving defendants are liable under *Bivens*.  This Court previously dismissed the federal defendants and concluded that no such conspiracy is properly alleged in the complaint.  Accordingly, plaintiffs'

---

[2]        It appears that plaintiffs confuse the concepts of quasi-judicial immunity with qualified immunity.  Defendants argue for the application of both.  In response, plaintiffs indicate that the issue of "immunity will be addressed in a later paragraph and will not be duplicated."  Later in the briefing, however, plaintiffs address only qualified immunity.

*Bivens* claim fails.

        8.       Count nine

Plaintiffs acknowledge that count nine is not asserted against the moving defendants.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants City of Shelby, Teena Barber and Alyce Cline's

Motion for Judgment on the Pleadings is GRANTED.

      IT IS SO ORDERED.


                    /s/Patricia A. Gaughan
                    PATRICIA A. GAUGHAN
Date:  8/15/11          United States District Judge

10