UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Randy Shepherd, et al.,** | ) | **CASE NO. 1:11 CV 127** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **J. Steve Sheldon, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the Court upon Defendant City of Mansfield's Motion for Judgment on the Pleadings (Doc. 40). This is a civil rights case. For the following reasons, the motion is GRANTED.

## FACTS

Plaintiffs, Randy Shepherd (hereinafter "Shepherd") and Cynthia Shepherd, bring this action against defendants, J. Steve Sheldon and Eric Bosco of the Richland County Sheriff's Department; the City of Mansfield; Magistrate Judge Gary Dalbey; James Mayer, Jr., Christopher Tunnell, Gary Bishop, Brent Robinson, and Andrew Kvochich of the Richland County Prosecutor's Office; Alyce Cline, the Clerk of Court for Shelby Municipal Court; Teena Barber, the Deputy Clerk of Court for the Shelby Municipal Court; the Department of Veteran's Affairs; Julie Berg and Lisa Salzer of the Department of Veteran's Affairs; the Richland County

1

Sheriff's Department; the City of Shelby; and the Richland County Prosecutor's Office.[1]

In general, plaintiffs allege that defendants engaged in a conspiracy to deprive them of their constitutional rights.

Defendant City of Mansfield ("City") moves to dismiss the Complaint on the grounds that plaintiffs fail to allege that any individual defendant was employed by the City. Plaintiffs oppose the motion.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Where a motion for judgment on the pleadings is based on the argument that the complaint fails to state claim upon which relief may be granted, it is judged under the same standard of review as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

As such, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702

---

[1] Plaintiffs also sued the Honorables James DeWeese and James Henson. The Court previously dismissed these defendants.

(6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

### **ANALYSIS**

Defendant argues that although the complaint generally alleges that it employed "one or more of the defendants," the other, more specific allegations, belie this general statement. In particular, each individual defendant is allegedly employed by an entity other than defendant. Moreover, there are only two factual allegations directed at defendant. Plaintiffs allege that one of the individual defendants told City police officers that Shepherd made certain threats. In addition, plaintiffs allege that another individual defendant informed City police officers that Shepherd used marijuana. There are no allegations as to what, if anything, City police officers

3

did with the information. The remaining allegations of wrongdoing, including the arrest, search, and prosecution of Shepherd, are directed at individual defendants employed by other governmental agencies. According to defendants, many of the claims fail as a matter of law and those that are potentially viable must be dismissed for failure to state a claim.

In response, plaintiffs allege that the "fact of employment" has been properly alleged. Plaintiffs also claim that governmental law enforcement agencies are often interrelated and that "employment of individuals within those systems are often combined." Plaintiffs argue that factual discovery is needed to determine issues of employment, training, education, policies, and practices. In addition, plaintiffs argue that there are allegations of a conspiracy and that they have also alleged inadequate training.

Upon review, the Court finds that defendant's motion is well-taken. In the complaint, plaintiffs allege the following,

> 59. Defendant #3, City of Mansfield, is a political subdivision organized and existing under Ohio law. At all relevant times Defendant #3 employed one and/or some or all of the Defendants in whole or in part.

As defendant correctly notes, however, the more specific allegations in the complaint directly contradict this allegation,

> 56. Defendant #2, Eric Bosco, is and/or was at times relevant to the Complaint, employed by the Richland County, Ohio Sheriff's Department.

(See also, Compl. ¶52)

> 60. Defendant #4, James DeWeese, Richland County, Ohio Common Pleas Court Judge, acting as an individual and/or beyond the scope of his authority, and/or without jurisdiction as a Richland County, Ohio Judge....

(See also, Compl. ¶¶ 65, 69).

> 76. Defendant #8, Christopher Tunnell, was at all times relevant to this Complaint, an

4

      agent/employee of the State of Ohio and/or the County of Richland, Ohio and was employed by the Richland County, Ohio Prosecuting Attorney and/or was an agent/employee of Richland County, Ohio Prosecutor's Office.

(See also, Compl. ¶¶ 80, 81, 83).[2]

There are no allegations suggesting that any individual defendant is employed by defendant City. In fact, plaintiffs expressly allege that the individual defendants are employed by other governmental units. In light of these allegations, the Court finds that plaintiffs have not properly plead that the individual defendants are employees of defendant City. Moreover, defendant is further correct that there are no allegations of wrongdoing directed at it. Rather, plaintiffs only allege that on two occasions City police officers received information regarding plaintiffs. There are no further factual allegations directed at the City. These allegations fail to state any claim against defendant City under the pleading standards set forth in *Twombly* and *Iqbal*.

### **CONCLUSION**

For the foregoing reasons, Defendant City of Mansfield's Motion for Judgment on the Pleadings is GRANTED.

IT IS SO ORDERED.

                                          /s/Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
Date:  8/15/11                   United States District Judge

---

[2] Plaintiffs make similar allegations with regard to the Shelby Municipal Court Clerk's office employees and the individuals employed by the Department of Veteran's Affairs.